RECEIVED
DEC 19 2012
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC

FILED
DEC 19 2012
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY ___KM___ DEP CLK

JEW

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CR-326-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL INFORMATION |
| | ) | |
| LARRY DONNELL TAYLOR | ) | |

The United States Attorney charges:

COUNT ONE

Beginning in or about 2001, the exact date being unknown, and continuing to on or about the date of this information, in the Eastern District of North Carolina, and elsewhere, LARRY DONNELL TAYLOR, the defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with other persons, known and unknown, to knowingly and intentionally distribute and possess with the intent to distribute two hundred eighty (280) grams or more of cocaine base (crack) and five (5) kilograms or more of cocaine, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

COUNT TWO

Beginning in May 15, 2008, the exact date being unknown, and continuing to May 8, 2012, in the Eastern District of North Carolina, defendant Larry Donnell Taylor, did knowingly combine, conspire,

1

confederate and agree with other persons, known and unknown, to commit offenses against the United States in violation of Title 18, United States Code, Sections 1956 and 1957, specifically:

1) To knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, drug trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

2) To knowingly engage and attempt to engage in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, drug trafficking, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

## APPLICATION OF PRIOR CONVICTIONS

For purposes of Title 21, United States Code, Section 841(b) and 851, the defendant committed the violations alleged in the criminal information after two or more prior convictions for a felony drug offense, as defined in Title 21, United States Code, Section 802 (44) had become final.

## FORFEITURE NOTICE

The defendant is given notice of the provisions of Title 21, United States Code, Section 853, that all of the defendant's interest in all property specified herein is subject to forfeiture.

As a result of the foregoing offense contained in Count One and Two of the Information, the defendant shall forfeit to the United States any and all property constituting, or derived from, any proceeds the said defendant obtained directly or indirectly as a result of the said offenses, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense alleged in Counts One and Two of the Information, and any property traceable to such property. The property includes, but is not limited to:

- 2004 Porsche Cayenne    VIN:WP1AC29P34LA93025
- 1998 Jaguar XJ-8        VIN:SAJHX1243WC813216
- 2004 Ford F-150         VIN:1FTRW12W74KC53601
- $551,136.00 in U.S. Currency

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

THOMAS G. WALKER
United States Attorney

By: _____
JENNIFER E. WELLS
Assistant United States Attorney