IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-00326-F-1
No. 5:16-CV-00817-F

| | |
|---|---|
| LARRY DONNELL TAYLOR, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-106] Larry Donnell Taylor's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-98]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED and Taylor's Motion to Vacate is DENIED.

**I. Factual and Procedural Background**

On September 25, 2012, Taylor was charged in a two-count indictment. *See* Indictment [DE-1]. On December 19, 2012, Taylor was charged in a two-count criminal information. *See* Criminal Information [DE-26]. In Count One, Taylor was charged conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base (crack) and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. *See id.* Count Two charged Taylor with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). *See id.* At Taylor's arraignment, held on January 2, 2013, he pled guilty to the Criminal Information pursuant to a plea agreement [DE-32].

Taylor's sentencing was held on September 3, 2014, and he was sentenced to 240 months on Count One and 240 months on Count Two, to be served concurrently. *See* Judgment [DE-72]. When imposing Taylor's sentence, the court allowed the Government's motion for downward departure based on Taylor's substantial assistance. *See* September 3, 2014 Tr. [DE-87] at 15:8-9. The court, however, did not go along with the Government's recommendation for a reduction of 50% below the advisory guideline range. *Id.* at 13:5-9.

On September 9, 2014, Taylor filed a Notice of Appeal [DE-74]. Taylor's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967)[1], but also questioned whether this court erred in rejecting the Government's recommendation for a reduction of 50% below the advisory guideline range. In an unpublished per curiam opinion, the Fourth Circuit Court of Appeals affirmed this court's judgment. *See United States v. Taylor*, 608 F. App'x 137 (4th Cir. 2015) (unpublished).

Taylor filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-98] on or about September 21, 2016. In his Motion to Vacate, Taylor raises the following claims of ineffective assistance of counsel: (1) his attorney provided deficient performance at sentencing by failing to object to the court's determination that it would not allow the § 5K1.1 motion and the Government's request for a sentence reduction of 50% below the advisory guideline range; (2) appellate counsel provided deficient performance by filing an *Anders* brief; and (3) his attorney provided deficient performance by promising him that

---

[1] An *Anders* brief is filed by a criminal defendant's attorney who wants to withdraw from the case on appeal based on the belief that the appeal is frivolous. *Anders v. California*, 386 U.S. 738 (1967). *Anders* provides that the brief must raise all possible arguable issues on appeal to fulfill the requirement that counsel be an "active advocate" for his or her client. *Id.*

2

he would receive a sentence reduction of 50% below the advisory guideline range if he pled guilty and fulfilled the terms of his plea agreement. On October 24, 2016, the Government filed a Motion to Dismiss [DE-106], arguing that Taylor has failed to state a claim upon which relief can be granted.

## II. Fed. R. Civ. P. 12(b)(6) Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

3

## III. Discussion

### A. Taylor has failed to state a claim of ineffective assistance of counsel.

Taylor raised three claims of ineffective assistance of counsel in his Motion to Vacate. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address each of Taylor's ineffective assistance of counsel claims.

#### 1. Taylor alleges that his attorney provided ineffective assistance of counsel at sentencing.

In his first claim, Taylor alleges that his attorney provided ineffective assistance at sentencing when he failed to object to the court's decision not to allow the § 5K1.1 motion and the Government's request for a sentence reduction of 50% below the advisory guideline range.

4

Mot. Vacate [DE-98] at 4; Mem. Supp. [DE-98-1] at 4-6. Taylor contends that if his attorney had made the proper objections, the court would have corrected its error and further reduced his sentence. Mem. Supp. [DE-98-1] at 6.

At the outset, the court notes that contrary to Taylor's assertion, the court *did* allow the Government's motion for a downward departure based on Taylor's substantial assistance. *See* September 3, 2014 Tr. [DE-87] at 15:8-9. Taylor is correct, however, that the court did not go along with the Government's recommendation for a sentence reduction of 50% below the advisory guideline range. *Id.* at 13:5-9. Taylor faults his attorney for failing to object. Mem. Supp. [DE-98-1] at 6.

This claim fails under the first prong of *Strickland* because Taylor has not suggested how his attorney's failure to object constitutes performance that fell below an objective standard of reasonableness. Specifically, Taylor has failed to allege an error by the court that warranted an objection from defense counsel. In fact, the Fourth Circuit concluded that this court did not abuse its discretion when imposing Taylor's sentence. *See Taylor*, 608 F. App'x at 138 (concluding that "the district court did not abuse its discretion in sentencing Taylor."). For these reasons, Taylor's first claim will be dismissed.

**2. Taylor alleges that his appellate counsel provided ineffective assistance of counsel by filing an *Anders* brief.**

Taylor alleges in his second claim that his appellate counsel erred by filing an *Anders* brief. Mot. Vacate [DE-98] at 5; Mem. Supp. [DE-98-1] at 6-13. Taylor contends that "reasonable" counsel would have advocated for him and argued that the court's decision not to allow the Government's request for a sentence 50% below the advisory guideline range was both

5

arbitrary and irrational. Mem. Supp. [DE-98-1] at 13.

The standard set forth in *Strickland* also applies to claims of ineffective assistance of appellate counsel. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citing *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Murray*, 477 U.S. 527, 535-36 (1986)). When applying the *Strickland* standard to the performance of appellate counsel, the court must indulge the "presumption that [appellate counsel] decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Moreover, appellate counsel has no duty to "raise every nonfrivolous issue on appeal." *Griffin v. Aiken*, 775 F.2d 1226, 1235 (4th Cir. 1985) (citing *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983)).

Here, appellate counsel did not file a brief on the merits, but counsel "question[ed] whether the district court erred in rejecting the Government's request for a sentence that was 50% below his Sentencing Guidelines range and instead imposing a sentence that was 25% below his Guidelines range." *Taylor*, 608 F. App'x at 137. Thus, the issue was effectively raised on appeal, and the Fourth Circuit affirmed Taylor's sentence. This claim fails under the first prong of the *Strickland* standard because appellate counsel's performance did not fall below an objective standard of reasonableness. Consequently, Taylor's second claim will be dismissed.

### 3. Taylor alleges that his attorney erred by promising that he would receive a 50% sentence reduction.

In his third and final claim, Taylor alleges that his attorney provided ineffective assistance by promising that he would receive a 50% reduction in his sentence if he pled guilty and fulfilled the terms of his plea agreement. Mot. Vacate [DE-98] at 6; Mem. Supp. [DE-98-1] at 13-19. Taylor contends that his attorney's promise was used to induce him to plead guilty, but in the

6

end, he was not given a 50% reduction in his sentence. Mot. Vacate [DE-98] at 18.

In his Response in Opposition, Taylor, through counsel, withdraws this claim. *See* Resp. Oppos. [DE-109] at 10-11. Accordingly, Taylor's third claim is dismissed as withdrawn.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-106] is ALLOWED and Taylor's Motion to Vacate [DE-98] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, a petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 21 day of November, 2016.

                                          *James C. Fox*
                                          JAMES C. FOX
                                          Senior United States District Judge